**Ronald SAPPENFIELD,**
**Defendant/Appellant,**

v.

**STATE of Indiana, Plaintiff/Appellee.**

**No. 3–1183A368.**

Court of Appeals of Indiana,
Third District.

April 18, 1984.

Rehearing Denied June 20, 1984.

Richard Kammen, McClure, McClure & Kammen, Indianapolis, for defendant/appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for plaintiff/appellee.

STATON, Presiding Judge.

This is an interlocutory appeal from the denial of Ronald Sappenfield's request for a transcript of the entire grand jury proceedings which resulted in Sappenfield being charged with a felony.[1] After a hearing, the trial court set the omnibus date for April 25, 1983 and ordered that within ten days from March 7, 1983 the State of Indiana disclose to Sappenfield, among other things, the following:

"c) A transcript of those portions of grand jury minutes containing testimony of person(s) [sic] whom the prosecuting attorney may call as witnesses at the hearing or trial, as designated by the defense after listening to the recording of the testimony.."

The only witness who appeared before the grand jury that the State would call was Detective Barry Rutherford of the Indiana State Police. The transcript of his testimony indicates that after he testified before the grand jury, the prosecutor asked that he remain during the interrogation of other witnesses.[2] Although Sappenfield concedes that Detective Rutherford's presence in the grand jury room during the interrogation of other witnesses is not a sufficient ground for dismissal of the indictment, he contends that the trial court committed an error when it refused to grant his request for a transcript of all the grand jury proceedings.[3] The issue presented for our review is:

Did the trial court abuse its discretion when it denied Sappenfield's motion to produce a transcript of the entire grand jury proceedings to support a second motion to dismiss which was founded upon a mere suspicion that there may have been a defect in the grand jury proceedings?

We affirm.

Sappenfield's first motion to dismiss was filed on April 14, 1983, eleven days before the omnibus date. It too alleged that the grand jury proceedings were defective but for reasons very different than in his second motion to dismiss. His first motion to dismiss alleges:

"11. The Grand Jury proceeding which resulted in the indictment of the defendant was defective in the following respects:

(a) Witnesses subpoenaed before the Grand jury were systematically and completely denied their rights to counsel.

(b) Witnesses subpoenaed before the Grand Jury were treated in an otherwise unlawful manner, in violation of law.

(c) The defendant, upon information and belief, believes that material un-

---

1. Ronald Sappenfield was indicted for corrupt business influence as provided under IC 35–45–6–2(3). The indictment was returned on February 18, 1983.

2. The Grand Jury transcript shows the following request of the prosecutor:
   "MR. BRAJE: I don't think I am going to have any more questions at this point.
   Anybody have any more questions of Detective Rutherford? (No audible response from any member of the Grand Jury.)
   MR. BRAJE. Okay. Does anybody on the Grand Jury have any objection to him being present during the remainder of this hearing?
   I would like to have him here while we interrogate some of the other witnesses. (No audible response from any member of the Grand Jury.)

   MR. BRAJE: Okay. I think that's probably all we have got for today."
   (Transcript, page 101.)

3. "The Appellant concedes that this impropriety does not in and of itself permit a dismissal of the indictment." citing *Fair v. State* (1977), 266 Ind.App. 380, 364 N.E.2d 1007 at p. 10 of Appellant's Brief. Also see IC 35–34–2–4(c) and (h):
   "(c) The prosecuting attorney, his staff and any witness the prosecuting attorney or the grand jury requests to be present may be present at any time during grand jury proceedings, except as provided in subsection (h).
   *   *   *   *   *   *
   "(h) During the deliberations and voting of the grand jury, only the grand jurors may be present in the grand jury room."

lawfully obtained was presented to the Grand Jury, which presentment violated the defendant's rights as guaranteed by the Fifth, Sixth and Fourteenth Amendments of the Constitution of the United States of America, and Article I of the Constitution of the State of Indiana."

The memorandum in support of the allegations states:

"Specification 11 of the defendant's Motion to Dismiss is based upon what the defendant believes to be the unlawful conduct of the Grand Jury which indicted him. Specifically, the defendant believes that in a hearing on this Motion, the evidence will show that witnesses were subpoenaed before the Grand Jury, and said witnesses, despite asking for an opportunity to consult with counsel, were never accorded that opportunity. Additionally, the defendant believes that witnesses were treated in an otherwise unlawful manner. Finally, the defendant submits that when analyzed, transcripts of the evidence presented to the Grand Jury will reveal that a great deal of irrelevant and legally prejudicial material was unlawfully given to the Grand Jury."

After filing his first motion to dismiss, Sappenfield moved for three continuances of the omnibus hearing. Finally on June 27, 1983 a hearing was held. Arguments were heard, and a ruling on the motion to dismiss taken under advisement. Later, July 27, the motion to dismiss was denied.

Three days after the omnibus hearing, Sappenfield filed a discovery motion which requested a transcript of "... all material and evidence presented to the LaPorte County Grand Jury during its investigation of the defendant." This motion was made upon information and belief that "... im-

proper material and matter was presented to the LaPorte County Grand Jury." The motion does not mention Detective Barry Rutherford's name nor does it refer to any possible misconduct of Detective Rutherford while he was before the Grand Jury.

Eighty-one days later, September 29, 1983, Sappenfield filed his second motion to dismiss. For the first time, Sappenfield reveals the purpose of his discovery motion. Now he states that "... there appears to be the possibility that unauthorized people participated in the Grand Jury proceedings." But, he does not mention Detective Barry Rutherford's name.

On March 7, 1983, two hundred and six days before the second motion to dismiss, an order was entered which directed the State of Indiana to give Detective Rutherford's testimony to Sappenfield within ten days. As a result of this order, Sappenfield knew, at least within ten days after March 7, 1983 and certainly before June 27, 1983 that Detective Rutherford had been asked to remain in the Grand Jury Room during the interrogation of other witnesses. Yet, he did not call Detective Rutherford as a witness on June 27, 1983 to determine the extent of his participation in the Grand Jury proceedings. Instead, he argued his first motion to dismiss which did not touch upon Detective Rutherford's participation in the Grand Jury proceedings or upon his presence in the Grand Jury Room during the interrogation of other witnesses.

■ The Statutes, IC 35–34–1–4 and IC 35–36–8–1, provide that a motion to dismiss grounded upon defective grand jury proceedings must be filed twenty days before the omnibus date.[4] "Once the omnibus date is set, it remains the omnibus date for the case until final disposition." IC 35–36–

---

**4.** "IC 35–34–1–4. Motion to dismiss— Grounds—Time of making motion—Action by court—Effect of dismissal. (a) The court may, upon motion of the defendant, dismiss the indictment or information upon any of the following grounds:

(3) The grand jury proceedings was defective.... (b) Except as otherwise provided, a

motion under this section shall be made no later than:

(1) Twenty (20) days if the defendant is charged with a felony; ... prior to the omnibus date. A motion made thereafter may be summarily denied if based upon a ground specified in subdivision ... (a)(3)."

8–1(d). The fact that the omnibus hearing was continued does not change the omnibus date. Once the omnibus date is set neither the State or the defendant can waive it or change it. It remains the omnibus date regardless of how many continuances are granted for the omnibus hearing.

The Statute further provides that a motion to dismiss may be summarily denied by the trial court when the motion is grounded on defective grand jury proceedings and is filed after the deadline, *twenty days before the omnibus date.* IC 35–34–1–4(b)(1) and (2).[5]

The trial court did not abuse its discretion when it denied Sappenfield's motion to produce a transcript of the entire Grand Jury proceedings to support his second motion to dismiss filed eighty-one days after his motion to produce and one hundred seventy-one days after it was required to be filed by statute. The title "Supplemental Motion to Dismiss" does not bestow any relation back qualities upon the second motion to dismiss. It is the substantive content of the motion to dismiss filed within the statutory time limit that governs. Furthermore, Sappenfield has not shown the slightest prejudice to his case resulting from Detective Rutherford's presence in the Grand Jury Room during the interrogation of some witnesses.[6] He has been afforded more than an adequate opportunity to explore this speculative possibility.

Affirmed.

GARRARD, J., and HOFFMAN, J., concur.

---

**5.** *Ibid.*

**6.** There is an absolute void of any evidence that Detective Rutherford's presence in the Grand Jury Room during the interrogation of some of the witnesses prejudiced Sappenfield in anyway. At the hearing on June 27, 1983, Sappenfield had an ample opportunity to present such evidence or ask for a fourth continuance of the

hearing so that he could subpoena witnesses who could have established his suspicion of prejudice. His first motion to dismiss shows an absence of any suspicion that Detective Rutherford's conduct in the Grand Jury Room reflected prejudice. *State v. Bowman* (1981), Ind., 423 N.E.2d 605; *Brown v. State* (1982), Ind. App., 434 N.E.2d 144.