**Brandon J. MONYHAN, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 47A04–0204–CR–192.**

Court of Appeals of Indiana.

Jan. 10, 2003.

David A. Smith, McIntyre & Smith, Bedford, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Andrew A. Kobe, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

RATLIFF, Senior Judge.

### STATEMENT OF THE CASE

Brandon J. Monyhan ("Monyhan") appeals the sentences imposed by the trial court.

We affirm.

### ISSUE

Whether the trial court abused its discretion in imposing consecutive sentences.

### FACTS

On November 28, 2000, Monyhan was charged with one count each of burglary and conspiracy to commit burglary as class B felonies, all under cause number 47D02–0011–CF–1118. Under this cause number, the State alleged that on November 7, 2000 Monyhan and two other individuals broke into the home of Larry Flick with the intent to commit theft.

On April 20, 2001, Monyhan was charged with three counts of battery as class D felonies and one count of attempted battery as a class A misdemeanor, all under cause number 47D02–0104–DF–382. Under this cause number, the State alleged that on April 2, 2001, Monyhan was incarcerated in the Lawrence County Jail where he became involved in a fight with other inmates. Lawrence County dispatch called Officer Allender ("Officer Allender") to return from the Lawrence County fairgrounds to assist correction officers. Meanwhile, correction officers Brett Connerly ("Connerly") and Jeremy Fender ("Fender") attempted to remove Monyhan

from the cellblock, but Monyhan threw punches at them. Connerly and Fender eventually handcuffed Monyhan. On the way downstairs to the booking area, Monyhan spat on Fender's shirt. When the officers sat Monyhan on a bench in the booking area, Monyhan reared back and spat a "big glob of blood" in Connerly's right eye. Tr. 56. At this point, Officer Allender arrived and moved to restrain Monyhan; Monyhan kicked Officer Allender's left hand, breaking his middle finger.

On July 20, 2001, Monyhan was charged with one count of battery as a class D felony, one count of resisting law enforcement as a class A misdemeanor, and two counts of criminal mischief as class B misdemeanors, all under cause number 47D02–0107–DF–667. Under this cause number, the State alleged that on July 16, 2001, Monyhan was in the Lawrence County Jail causing a disturbance in his cell. When correction officers arrived at the cell, Monyhan stood in a fighting stance with "a sock [containing a bar of soap] in each hand . . . ." Tr. 49. When the officers entered the cell, Monyhan dropped the socks, moved to a corner, and shouted "let's get it on." Tr. 49. Monyhan was handcuffed and taken to the elevator where he continued to be "loud and obnoxious . . . ." Tr. 49. When Officer Jack Walker ("Officer Walker") told Monyhan to be quiet, Monyhan head butted Officer Walker. Monyhan was subsequently taken to the drunk tank where he was "shackled and hogtied to the drunk tank grate on the floor . . . ." Tr. 60. While on the floor, Monyhan proceeded to damage the shackles and grate.

On January 10, 2002, the trial court held a consolidated guilty plea hearing. Under CF–1118, Monyhan pleaded guilty, the State dismissed the conspiracy to commit burglary charge, and sentencing was left to the trial court's discretion. Under DF–

382 and DF–667, Monyhan pleaded guilty to all counts with sentencing left to the discretion of the trial court. On March 20, 2002, the trial court held a sentencing hearing. Under CF–1118, the trial court sentenced Monyhan to a twenty-year executed sentence for burglary as a class B felony. Under DF–382, the trial court sentenced Monyhan to three-year executed terms for each of the three counts of battery as class D felonies and one year for the attempted battery (10 years), each count to be served consecutive to each other and consecutive to CF–1118. Under DF–667, the trial court sentenced Monyhan to a three-year executed sentence for battery as a class D felony and one year for resisting law enforcement, to be served concurrently. Concerning the two counts of criminal mischief, the trial court sentenced Monyhan to executed terms of 180 days on each count; each count was to be served consecutive to each other, consecutive to the battery and resisting counts (3 years, 360 days), and consecutive to the sentences under cause numbers CF–1118 and DF–382.

## DECISION

In this consolidated appeal, Monyhan appeals the consecutive sentences imposed under cause numbers DF–382 and DF–667. Specifically, he argues that the consecutive sentences exceed the limits imposed by Indiana Code § 35–50–1–2(c) because the offenses in each cause were part of a single episode of criminal conduct.

■ While sentencing is generally left to the discretion of trial courts, the Court of Appeals is duty bound to correct sentences that violate the trial court's statutory authority to issue consecutive sentences under Ind.Code § 35–50–1–2. *Becker v. State*, 695 N.E.2d 968 (Ind.Ct.App.1998). The relevant portion of the statute provides:

The court may order terms of imprisonment to be served consecutively even if the sentences are not imposed at the same time. However, except for crimes of violence, the total of the consecutive terms of imprisonment, exclusive of terms of imprisonment under Ind.Code 35–50–2–8 [the habitual offender statute] and Ind.Code 35–50–2–10 [the habitual controlled substance offender statute], to which the defendant is sentenced for felony convictions arising out of an *episode of criminal conduct* shall not exceed the presumptive sentence for a felony which is one (1) class of felony higher than the most serious of the felonies for which the person has been convicted.

I.C. § 35–50–1–2(c) (2002) (emphasis added). An "episode of criminal conduct" is defined as "offenses or a connected series of offenses that are closely related in time, place, and circumstance." I.C. § 35–50–1–2(b). "The issue is whether 'the alleged conduct was so closely related in time, place, and circumstances that a complete account of one charge cannot be related without referring to details of the other charge.'" *O'Connell v. State,* 742 N.E.2d 943, 950–51 (Ind.2001) (*quoting Flynn v. State,* 702 N.E.2d 741, 748–49 (Ind.Ct.App. 1998)).

 Under DF–382, the trial court found that all four counts were "separate events." Tr. 83. The trial court noted that the charges could be supported independently because they occurred at different times and places. We agree. Monyhan was charged with three counts of battery and one count of attempted battery. The first in time was the attempted battery for throwing punches at Connerly and Fender as they tried to break up the fight upstairs in the cellblock. Secondly, Monyhan was charged with battery for spitting on Fender's shirt while being moved downstairs. Thirdly, Monyhan was charged with battery for spitting blood in Connerly's eye, and finally, Monyhan was charged with battery for kicking Officer Allender in his left hand. Each incident occurred at a different place and time. In fact, enough time had passed to allow for Officer Allender to travel from the Lawrence County fairgrounds to the jail. *Cf. Armstrong v. State,* 742 N.E.2d 972 (Ind.Ct.App.2001) (episode of criminal conduct found when defendant entered house of ex-girlfriend and, in succession, pointed firearm at current boyfriend, the ex-girlfriend, and a third party). As a result, Monyhan's sentence under DF–382 is not subject to the consecutive sentence limitations of I.C. § 35–50–1–2(c) because the record shows that an accounting of each charge can be made without referring to the details of the other. *O'Connell,* 742 N.E.2d at 950–51.

 Concerning the consecutive sentences imposed under DF–667, we also find no error. Here, Monyhan was sentenced to serve a total of 3 years, 360 days. The most serious offense was for battery, a class D felony. Assuming arguendo that the charges constituted an episode of criminal conduct, the total number of consecutive terms could not exceed four years because that is the presumptive sentence for the next highest class of felony. Ind. Code § 35–50–2–6. Since the consecutive terms did not exceed four years, the trial court did not abuse its discretion.

Affirmed.

NAJAM, J., and VAIDIK, J., concur.