## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

08/28/2017, 10:11 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Stephen T. Owens
Public Defender of Indiana

J. Michael Sauer
Deputy Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Christina D. Pace
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Kenneth S. Tipton,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

August 28, 2017

Court of Appeals Case No.
47A01-1704-PC-838

Appeal from the Lawrence
Superior Court

The Honorable William G. Sleva, Judge

Trial Court Cause No.
47D02-1412-PC-1564

**Robb, Judge.**

# Case Summary and Issue

Kenneth Tipton appeals the denial of his petition for post-conviction relief. He raises one issue for our review: whether the post-conviction court erred in concluding Tipton's appellate counsel was not ineffective. Concluding Tipton did not receive ineffective assistance of appellate counsel, we affirm.

# Facts and Procedural History

We summarized the facts and procedural history of this case in Tipton's direct appeal:

> On August 16, 2009, two Bedford police officers went to Tipton's house to arrest him after his wife reported a domestic battery. Tipton's brother Donnie allowed the officers to enter the house, and he told the officers he was there alone. As one officer walked toward the hallway, he saw Tipton coming toward him with a gun. The officer yelled "gun" and both officers tried to exit through the front door. Tipton fired a shot while the officers were still in the house.
>
> The officers ran in different directions when they left the house, and they sought cover behind trucks. Tipton fired at one of the officers, and then retreated into the house. The other officer called for reinforcements. Tipton allowed his brother to leave the house, but then he fired another shot. After additional officers arrived, Tipton fired more shots, two of which hit a police car. Some shots hit the house across the street. The residents, Adam Mullis and his wife, were not home at the time.
>
> Police spoke to Tipton on the telephone, and Tipton agreed he would surrender if he were charged with only a minor offense. An officer at the police station wrote a letter saying Tipton would be charged only with criminal recklessness if he surrendered, and the officer read the letter to Tipton over the telephone. Tipton surrendered . . . .

*Tipton v. State*, 981 N.E.2d 103, 105 (Ind. Ct. App. 2012) (citation omitted), *trans. denied*. Following his arrest, law enforcement executed a search warrant and discovered numerous marijuana plants, in various stages of growth, in Tipton's garage. Law enforcement also found lights, a glass pipe, and a digital scale. The State charged Tipton with criminal recklessness, attempted murder, and dealing in marijuana. The State also filed an habitual offender enhancement. A jury acquitted Tipton of attempted murder but found him guilty of the other charges.

[3]     At sentencing, Tipton argued his sentence could not exceed ten years because the offenses were part of a single episode of criminal conduct. In response, the State argued that the different stages of growth exhibited by the marijuana plants found in Tipton's garage demonstrated the operation was occurring prior to and distinct from Tipton's criminally reckless acts. The trial court agreed the events were not a single episode of criminal conduct and sentenced Tipton to a total of twenty-three years in the Indiana Department of Correction.

[4]     Tipton appealed his convictions and sentence raising two issues on direct appeal: (1) whether the evidence was sufficient to support his criminal recklessness conviction, and (2) whether the trial court erred in not designating which conviction was to be enhanced by the habitual offender adjudication. This court affirmed Tipton's convictions and sentence.

On December 4, 2014, Tipton filed a pro se petition for post-conviction relief. The post-conviction court held an evidentiary hearing on February 16, 2017. At the evidentiary hearing, Tipton introduced into evidence a signed affidavit from his appellate public defender verifying she failed to raise the issue that Tipton's actions constituted a single episode of criminal conduct and should have done so. On April 12, 2017, the post-conviction court denied Tipton's petition for post-conviction relief. Tipton now appeals.

# Discussion and Decision

## I. Standard of Review

Post-conviction proceedings are not an opportunity for a super-appeal. *Timberlake v. State*, 753 N.E.2d 591, 597 (Ind. 2001), *cert. denied*, 537 U.S. 839 (2002). Rather, they create a narrow remedy for subsequent collateral challenges to convictions that must be based on grounds enumerated in the post-conviction rules. *Id.* If not raised on direct appeal, a claim of ineffective assistance of counsel is properly presented in a post-conviction proceeding. *Id.* A claim of ineffective assistance of appellate counsel is also an appropriate issue for post-conviction review. *Id.* The petitioner must establish his claims by a preponderance of the evidence. Ind. Post-Conviction Rule 1(5).

A petitioner who has been denied post-conviction relief faces a "rigorous standard of review" on appeal. *Dewitt v. State*, 755 N.E.2d 167, 169 (Ind. 2001). In reviewing the judgment of a post-conviction court, we may not reweigh the evidence nor reassess witness credibility; rather we consider only the evidence

and reasonable inferences supporting the judgment. *Hall v. State*, 849 N.E.2d 466, 468-69 (Ind. 2006). We will affirm the post-conviction court's denial of post-conviction relief unless the evidence leads "unerringly and unmistakably to a decision opposite that reached by the post-conviction court." *McCary v. State*, 761 N.E.2d 389, 391 (Ind. 2002).

## II. Ineffective Assistance of Appellate Counsel

[8] Tipton contends his appellate counsel was ineffective for failing to argue on direct appeal that his convictions for criminal recklessness and dealing in marijuana arose from an "episode of criminal conduct." The standard of review for a claim of ineffective assistance of appellate counsel is the same as that for trial counsel. *Allen v. State*, 749 N.E.2d 1158, 1166 (Ind. 2001), *cert. denied*, 535 U.S. 1061 (2002).

> Therefore, [t]o prevail on an ineffective assistance of counsel claim, [the petitioner] must show both deficient performance and resulting prejudice. As for the first prong—counsel's performance—we presume that counsel provided adequate representation. Accordingly, [c]ounsel is afforded considerable discretion in choosing strategy and tactics, and we will accord that decision deference. The second prong—the prejudicial effect of counsel's conduct—requires a showing that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

*Id.* at 166-67 (citations and quotations omitted).

[9] Indiana law states there are three categories of alleged appellate counsel ineffectiveness: 1) denying access to an appeal; 2) failing to raise an issue on appeal; and 3) failing to present an issue completely and effectively. *Bieghler v. State*, 690 N.E.2d 188, 193-95 (Ind. 1997), *cert. denied*, 525 U.S. 1021 (1998). Counsel is rarely found to be ineffective when the issue is failure to raise a claim on direct appeal. *Id.* at 193. "One reason for this is that the decision of what issues to raise is one of the most important strategic decisions to be made by appellate counsel." *Id.* (internal citation omitted). "Accordingly, when assessing these types of ineffectiveness claims, reviewing courts should be particularly deferential to counsel's strategic decision to exclude certain issues in favor of others, unless such a decision was unquestionably unreasonable." *Id.* at 194.

[10] Here, Tipton first argues his appellate counsel admitted in a sworn affidavit she failed to raise the episode of criminal conduct issue and should have. However, counsel's admission is not dispositive of the issue and we need not decide whether appellate counsel's performance was deficient because Tipton has failed to demonstrate prejudice on his claim of ineffective assistance of appellate counsel. *See Young v. State*, 746 N.E.2d 920, 927 (Ind. 2001) (explaining that it was not necessary to address the allegations of deficient performance where the petitioner had failed to establish prejudice).

[11] To succeed on his ineffective appellate counsel claim, "the prejudice-prong of *Strickland* requires [Tipton] to demonstrate a reasonable probability that, but for his counsel's errors, the result of his direct appeal would have been different."

*Martin v. State*, 760 N.E.2d 597, 600 (Ind. 2002) (citing *Strickland*, 466 U.S. 668, 694 (1984)). Thus, to show prejudice on his ineffective appellate counsel claim regarding counsel's failure to raise the sentencing issue, Tipton is required to show that but for his appellate counsel's failure to raise the issue, this court would have reversed the trial court's twenty-three-year sentence for failing to comply with Indiana Code section 35-50-1-2(b) and (c).

[12] Tipton has not shown there is a reasonable probability the result of his direct appeal would have been different had his appellate counsel raised the episode of criminal conduct issue. Indiana Code section 35-50-1-2(b) (2009) states, an "'episode of criminal conduct' means offenses or a connected series of offenses that are closely related in time, place, and circumstance." Subsection (c) states,

> the total of the consecutive terms of imprisonment . . . to which the defendant is sentenced for felony convictions arising out of an episode of criminal conduct shall not exceed the advisory sentence for a felony which is one (1) class of felony higher than the most serious of the felonies for which the person has been convicted.

Ind. Code § 35-50-1-2(c) (2009). Because the highest felony for which Tipton was convicted was a Class C felony, he argues his sentence should have been capped at ten years, the advisory sentence for a Class B felony. *See* Ind. Code § 35-50-2-5 (2005).

[13] In support of his argument that his convictions were the result of an episode of criminal conduct, Tipton cites to four cases. In *Johnican v. State*, 804 N.E.2d 211 (Ind. Ct. App. 2004), the defendant pointed a gun at police officers

attempting to stop him for an outstanding warrant, fled, and was eventually shot by an officer. Officers found cocaine on the defendant after arresting him. The defendant was convicted of possession of cocaine, pointing a firearm, and resisting law enforcement. The court concluded the offenses were part of an episode of criminal conduct, holding that when "a defendant possesses contraband on his person as he simultaneously commits other criminal offenses, the offenses should be deemed part of a single episode of criminal conduct." *Id.* at 218.

[14] In *Haggard v. State*, 810 N.E.2d 751 (Ind. Ct. App. 2004), the police responded to a report that the defendant had injected drugs and was threatening to kill himself. The police entered the house where the defendant was reported to be and discovered him in the basement. The police noticed that an empty syringe was on a table next to Haggard and that Haggard had a makeshift tourniquet tied around his arm. As they approached him, the police noticed that Haggard had a gun. As Haggard began to raise the gun, he fell backwards, appeared to have a seizure, and fell asleep. Haggard was arrested. When the police recovered Haggard's shirt from the hospital, they discovered that body armor had been sewn into it. Haggard was ultimately convicted of possession of cocaine, battery by body waste, resisting law enforcement, battery resulting in bodily injury, and unlawful use of body armor. The trial court sentenced Haggard to three years on each of the five convictions, four of which were ordered to run concurrently, but the sentence for the unlawful use of body armor conviction was ordered to run consecutively to the other sentences, for

an aggregate sentence of six years. On direct appeal, Haggard's convictions and sentence were affirmed. *Haggard v. State*, 771 N.E.2d 668, 677 (Ind. Ct. App. 2002), *trans. denied*.

[15] Haggard then filed a petition for post-conviction relief, arguing that his appellate counsel was ineffective for failing to argue his actions were an episode of criminal conduct. On appeal, the State conceded Haggard's criminal acts constituted an episode of criminal conduct. Noting that had Haggard not attempted to commit suicide by the use of cocaine, the police would never have been called and that Haggard's drug use precipitated his violent resistance, this court agreed with Haggard and the State that his acts were an episode of criminal conduct and his appellate counsel was ineffective for failing to present that issue. 810 N.E.2d at 756-57. We remanded the cause with instructions to enter a sentence which conformed with the statute.

[16] In *Massey v. State*, 816 N.E.2d 979 (Ind. Ct. App. 2004), the police executed a search warrant and saw the defendant leaving the house. When the defendant saw the police, he attempted to flee but was captured. When caught, the defendant was in possession of cocaine and a key to a vending machine which contained more cocaine and marijuana. In the garage was additional marijuana in plain view. The police also found hydrocodone, cash, additional cocaine, and two handguns in the defendant's bedroom. The defendant was convicted of dealing in cocaine, possession of cocaine and a firearm, unlawful possession of a firearm by a serious violent felon, possession of a controlled substance, and possession of marijuana. The trial court merged the possession

of cocaine conviction and the dealing in cocaine conviction, sentencing Massey to fifty years for dealing in cocaine, eight years for possession of cocaine and a firearm, twenty years for possession of a firearm by a serious violent felon, three years for possession of a controlled substance, and three years for possession of marijuana. The trial court ordered the fifty-year sentence to be served consecutively to the twenty-year sentence and ordered the remaining three sentences to be concurrent with one another and the other two sentences.

[17] On appeal, the defendant argued his aggregate seventy-year sentence violated Indiana Code section 35-50-1-2(c) in that his convictions resulted from one episode of criminal conduct. This court agreed, noting he was a serious violent felon in possession of a handgun and simultaneously in possession of an amount of cocaine large enough that his intent to deal could be inferred. Therefore, the court concluded the defendant's convictions "arose from a single episode of criminal conduct." *Id.* at 991.

[18] Finally, Tipton cites to *Cole v. State*, 850 N.E.2d 417, 423 (Ind. Ct. App. 2006). In that case, police officers spotted the defendant and attempted to conduct a traffic stop because he had an outstanding warrant for being an habitual traffic offender. However, the defendant fled in his vehicle and led the police on a half-hour chase. Once the defendant was apprehended, police discovered a tank containing anhydrous ammonia in his vehicle which he planned to use in the manufacture of methamphetamine. The defendant pleaded guilty to resisting law enforcement, possession of chemical reagents or precursors with intent to manufacture methamphetamine, and being an habitual offender. This

court concluded the defendant's convictions arose from an episode of criminal conduct, and, therefore, his consecutive sentence required reduction because it exceeded the maximum consecutive sentence permitted by Indiana Code section 35-50-1-2. *Id.* at 423.

[19] Notwithstanding these cases, Tipton has failed to demonstrate a reasonable probability the result of his direct appeal would have been different if the issue had been raised. In our most recent case that would have been available to Tipton on direct appeal, *Deshazier v. State*, 877 N.E.2d 200, 204 (Ind. Ct. App. 2007), *trans. denied*, the defendant was convicted of carrying a handgun with a prior felony, two counts of resisting law enforcement, and possession of marijuana. During a traffic stop, police officers discovered the defendant had a firearm. The defendant then fled from the police and the police found marijuana in the defendant's jacket he left at the scene. After noting this court's split of authority and our supreme court's emphasis on the "simultaneous" and "contemporaneous" timing of the offenses, we stated that "no evidence exists as to when [the defendant] came into possession of the handgun or marijuana. Possession is inherently a 'continuing offense,' which occurs from the time the defendant comes into possession of the contraband until the time he relinquishes control." *Id.* at 212. Therefore, we held the possession offenses were not part of an episode of criminal conduct with the defendant's offenses of resisting law enforcement. *Id.*

[20] Here, law enforcement arrived at Tipton's house in response to a call concerning domestic violence and Tipton began firing gunshots, giving rise to

his criminal recklessness conviction. Following his arrest, the police then executed a search warrant and discovered a marijuana growing operation. There is no nexus, other than the fact police discovered the marijuana operation as a result of his arrest, connecting Tipton's act of criminal recklessness and his subsequent conviction of dealing marijuana. *See Akers v. State*, 963 N.E.2d 615, 619-20 (Ind. Ct. App. 2012) (noting, unlike *Johnican* and *Cole*, the defendant's possession of paraphernalia was related neither chronologically nor in circumstance to his convictions for battery and resisting arrest), *trans. denied*. Finally, we note the State presented evidence at sentencing of marijuana plants in various stages of growth, a clear indication Tipton had been growing marijuana for some time—a crime which was occurring prior to and distinct from his crime of criminal recklessness. Under these circumstances and like in *Deshazier*, Tipton's convictions were not part of an episode of criminal conduct.

[21] Because Tipton has failed to demonstrate a reasonable probability the result of his direct appeal would have been different, we cannot say he received ineffective assistance of appellate counsel.

# Conclusion

[22] Tipton has failed to demonstrate a reasonable probability the result of his direct appeal would have been different had appellate counsel raised the issue of his convictions being an episode of criminal conduct. Accordingly, we affirm the denial of his petition for post-conviction relief.

[23]    Affirmed.

Riley, J., and Pyle, J., concur.