# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 25 2018, 10:38 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jennifer A. Joas
Madison, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Laura R. Anderson
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Michael D. Terry,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | June 25, 2018<br><br>Court of Appeals Case No.<br>15A01-1710-CR-2361<br><br>Appeal from the Dearborn Circuit Court<br><br>The Honorable James D. Humphrey, Judge<br><br>Trial Court Cause No.<br>15C01-1610-F5-75 |

**Pyle, Judge.**

# Statement of the Case

Michael D. Terry ("Terry") appeals the five-year sentence imposed after he pled guilty to Level 6 Felony battery,[1] Level 6 felony operating while intoxicated with a prior conviction,[2] and Class A misdemeanor possession of a schedule IV controlled substance.[3] He argues that the trial court's imposition of consecutive sentences violates INDIANA CODE § 35-50-1-2(c) and that his sentence is inappropriate in light of the nature of the offenses and his character. Because we conclude that the trial court's imposition of consecutive sentences does not violate INDIANA CODE § 35-50-1-2(c) and that Terry's sentence is not inappropriate, we affirm Terry's five-year sentence.

# Issues

1. Whether the trial court's imposition of consecutive sentences violates INDIANA CODE § 35-50-1-2(c).

2. Whether Terry's sentence is inappropriate in light of the nature of the offenses and his character.

# Facts

At approximately 10 p.m. on October 18, 2016, seventeen-year-old E.S. was returning home from work on State Road 1 in Dearborn County. Terry was driving the car directly in front of E.S. As Terry approached Sawdon Ridge

---

[1] IND. CODE § 35-42-2-1.

[2] IND. CODE § 9-30-5-3.

[3] I.C. § 35-48-4-7.

Road ("Sawdon Ridge"), he turned on his right turn signal. Terry applied his brakes but missed the turn on Sawdon Ridge. As E.S. turned right on Sawdon Ridge, he noticed Terry back up on State Road 1 and turn behind him on Sawdon Ridge. Terry suddenly passed E.S. and stopped his car, blocking both lanes of Sawdon Ridge. When E.S. honked his horn, Terry backed up and got behind E.S.'s car again. As E.S. proceeded on Sawdon Ridge, Terry began flashing his lights and tailgating E.S. Terry again passed E.S., stopped, and blocked both lanes of the road. This time, Terry got out of his car and approached E.S., who locked his car door but was unable to get his window up. When Terry reached the car, he began punching E.S. through the open window. Terry punched E.S. approximately ten times in the face and back of his head. E.S. was covering his head with hands and begging Terry to stop when "everything just went black," and E.S. lost consciousness. (Tr. 29). When E.S. regained consciousness, Terry was gone. E.S. contacted the police and drove home.

[3]     An hour later, police officers received a report of suspicious activity in the area of State Road 1. A deputy who responded to the area noticed Terry's empty vehicle parked on the side of the road. While searching for Terry, the deputy received information that a man had been found inside a nearby house. The deputy drove to that house and encountered an intoxicated Terry. Terry's blood contained alprazolam, or Xanax, at a concentration of 81.2 nanograms

per milliliter, which is two to eight times the drug's therapeutic range,[4] and Terry did not have a prescription for Xanax. A search of Terry's car revealed marijuana, a pain pill, and alprazolam.

[4] The State charged Terry with five felonies and one misdemeanor. In May 2017, he entered into a plea agreement and pled guilty to Level 6 felony battery, Level 6 felony operating a vehicle while intoxicated with a prior conviction, and Class A misdemeanor possession of a schedule IV controlled substance, alprazolam. The State dismissed the other charges and sentencing was left to the trial court's discretion.

[5] Testimony at the sentencing hearing revealed that as a result of the beating, E.S. suffered a concussion, pain to his nose and face, and headaches, which lasted for approximately two months. Because of the headaches, high school senior E.S. was not able to attend school, timely complete his college applications, work, or drive. In addition, Terry's pre-sentence investigation report revealed that Terry has a fifteen-year criminal history that includes convictions for disorderly conduct, battery, shoplifting, operating a vehicle under the influence, public intoxication, residential entry, and auto theft. In addition to these convictions, Terry has open cases involving driving while suspended or revoked, no proof of insurance, operating without a certificate of inspection or failure to produce a certificate, registration violation, reckless driving, no

---

[4] The therapeutic range for alprazolam is 10 to 40 nanograms per milliliter of blood.

operator's license, failure to produce an insurance card, no vehicle insurance, and fraud and related activity in connection with access devices. The testimony also revealed that before pleading guilty, Terry had called his girlfriend from jail on at least two occasions and had asked her to testify that he had not hit E.H. and had not been driving that night. The testimony further revealed that Terry had made another telephone call from jail wherein he stated that he had to go to court and say "I'm sorry and all this other crap." (Tr. 48).

[6] The trial court sentenced Terry to two years for each Level 6 felony and one year for the Class A misdemeanor. The trial court further ordered the sentences to run consecutively to each other for a total sentence of five years. Terry now appeals his sentence.

# Decision

[7] Terry argues that: (1) the trial court's imposition of consecutive sentences violates INDIANA CODE § 35-50-1-2(c); and (2) his sentence is inappropriate in light of the nature of the offenses and his character. We address each of his contentions in turn.

## 1. Consecutive Sentences and INDIANA CODE § 35-50-1-2(c)

[8] Terry first argues that the trial court abused its discretion in ordering him to serve consecutive sentences. The decision to impose consecutive sentences is within the trial court's discretion. *Williams v.* State, 891 N.E.2d 621, 630 (Ind. Ct. App. 2008). Terry specifically argues that the trial court abused its discretion when it sentenced him to consecutive terms totaling five years

because such a sentence is in contravention of INDIANA CODE § 35-50-1-2(c), which provides:

> [T]he court shall determine whether terms of imprisonment shall be served concurrently or consecutively. . . . However, . . . .the total of the consecutive terms of imprisonment . . . to which the defendant is sentenced for felony convictions arising out of an episode of criminal conduct shall not exceed [four years] [i]f the most serious crime for which the defendant is sentenced is a Level 6 felony.

[9] Terry contends that the crimes for which he was convicted and sentenced arose out of an "episode of criminal conduct." Because the most serious crimes for which Terry was convicted were two Level 6 felonies, he contends that the maximum allowable sentence under this statute is four years.

[10] An "episode of criminal conduct" is a "connected series of offenses that are closely related in time, place, and circumstance." IND. CODE § 35-50-1-2(b). "In determining whether multiple offenses constitute an episode of criminal conduct, the focus is on the timing of the offenses and the simultaneous and contemporaneous nature, if any, of the crimes." *Williams*, 891 N.E.2d at 631. Additional guidance can be obtained by considering whether the alleged conduct was so closely related in time, place, and circumstance that a complete account of one charge cannot be related without referring to the details of the other charge. *Id.*

[11] Here, our review of the record reveals that the battery and driving while intoxicated offenses were neither simultaneous nor contemporaneous with the

possession offense, which occurred at a different time and place. In addition, a complete account of the battery and driving while intoxicated offenses could be related without referring to the details of the possession offense. No evidence exists as to when Terry came into possession of the alprazolam. Accordingly, the crimes for which Terry was convicted and sentenced did not arise out of an episode of criminal conduct, and the trial court did not abuse its discretion in sentencing him to consecutive sentences. *See Akers v. State*, 963 N.E.2d 615 (Ind. Ct. App. 2012) (explaining that where it was unclear from the evidence when the defendant came into possession of the paraphernalia, his conviction for possession of paraphernalia was not related in circumstances to convictions for battery and resisting law enforcement), *trans. denied*; *State v. Deshazier*, 877 N.E.2d 200 (Ind. Ct. App. 2007) (explaining that where no evidence existed as to when the defendant came into possession of a handgun or marijuana, possession of these items was not closely related to time, place and circumstance to acts of resisting arrest), *trans. denied*.[5]

---

[5] Terry's reliance on *Cole v. State*, 850 N.E.2d 417 (Ind. Ct. App. 2006) and *Johnican v. State*, 804 N.E.2d 211 (Ind. Ct. App. 2004) is misplaced. In those cases, the evidence revealed that both Cole and Johnican possessed contraband when they committed other offenses. Specifically, Cole possessed chemical reagents or precursors with intent to manufacture when he committed the offense of resisting law enforcement, and Johnican possessed cocaine when he committed the offenses of pointing a loaded firearm and resisting law enforcement. In *Johnican*, 804 N.E.2d at 218, which was cited in *Cole*, this Court held that where "a defendant possesses contraband on his person as he simultaneously commits other criminal offenses, the offenses should be deemed part of a single episode of criminal conduct." Here, however, there is no evidence that Terry possessed the alprazolam on his person when he committed the offenses of battery and driving while intoxicated with a prior conviction. Rather, the alprazolam was discovered in Terry's car at another location an hour after he battered E.S. and drove while intoxicated.

### 2. Inappropriate Sentence

Terry also argues that his five-year sentence is inappropriate in light of the nature of the offense and his character. Indiana Appellate Rule 7(B) provides that we may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence is inappropriate in light of the nature of the offense and the character of the offender. The defendant bears the burden of persuading this Court that his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). Whether we regard a sentence as inappropriate turns on the "culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008).

When determining whether a sentence is inappropriate, we acknowledge that the advisory sentence is the starting point the Legislature has selected as an appropriate sentence for the crime committed. *Childress*, 848 N.E.2d at 1081. Here, Terry pled guilty to two Level 6 felonies and one Class A misdemeanor. The sentencing range for a Level 6 felony is between six months and two and one-half years, with an advisory sentence of one year. I.C. § 35-50-2-7. The trial court sentenced Terry to two years for each of the Level 6 felonies, which is less than the maximum sentence and more than the advisory sentence. The maximum sentence for a Class A misdemeanor is one year. I.C. § 35-50-3-2. The trial court sentenced Terry to one year for the Class A misdemeanor, which is the maximum sentence.

[14] Because Terry "concede[s] that the nature of the offense is a very serious offense," we turn to his character. (Terry's Br. at 18). Our review of the evidence reveals that before Terry had entered into the plea agreement, he had twice asked his girlfriend to commit perjury by testifying that he had not hit E.H. and had not been driving that night. Terry had also made a telephone call from jail wherein he stated that he had to feign remorse when he went to court by apologizing "and all this other crap." (Tr. 48). In addition, Terry has a fifteen-year criminal history that includes convictions for disorderly conduct, battery, shoplifting, operating a vehicle under the influence, public intoxication, residential entry, and auto theft. Terry also has open cases involving driving while suspended or revoked, no proof of insurance, operating without a certificate of inspection or failure to produce a certificate, registration violation, reckless driving, no operator's license, failure to produce an insurance card, no vehicle insurance, and fraud and related activity in connection with access devices. His former contacts with the law have not caused him to reform himself. *See Jenkins v. State*, 909 N.E.2d 1080, 1086 (Ind. Ct. App. 2009), *trans. denied*. Terry has failed to persuade this Court that his five-year sentence is inappropriate.

[15] Affirmed.

Vaidik, C.J., and Barnes, Sr. J., concur.