**Stanley PURDY, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 49A02–9809–CR–713.**

Court of Appeals of Indiana.

April 27, 2000.

Gregory Bowes, Indianapolis, Indiana, Attorney for Appellant.

Karen Freeman–Wilson, Attorney General of Indiana, Eileen Euzen, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

MATTINGLY, Judge

Stanley Purdy was convicted after a jury trial of intimidation, a Class D felony; resisting law enforcement, a Class A misdemeanor; and battery, a Class A misdemeanor. He was sentenced to three years for his conviction of intimidation, one year for his conviction of resisting law enforcement, and one year for his conviction of battery. The sentences were to be served consecutively, resulting in a total sentence of five years. Purdy appeals, asserting that this sentence violated the limitation on sentence length contained in Ind.Code § 35–50–1–2(c).

We reverse and remand with instructions.

## FACTS AND PROCEDURAL HISTORY

On April 6, 1998, Purdy went to the house of Vennessia Laudig, his former girlfriend. Although Purdy had been ordered by the court not to have contact with Laudig, he pounded on Laudig's door and threatened to kick it in. Laudig, who did not have a telephone in her house, tried to run next door to use the telephone at the Village Pantry. Purdy grabbed Laudig by the shoulders, bruising her.

The police were called to the scene. When they arrived, they attempted to handcuff Purdy, but he fought with them, kicked and spat at one officer, and attempted to flee. As the officers placed Purdy in the paddy wagon, he threatened to kill one of the officers.

## DISCUSSION AND DECISION

Purdy's five-year sentence was error. Ind.Code § 35–50–1–2(c) provides:

The court may order terms of imprisonment to be served consecutively.... However, except for crimes of violence, the total of the consecutive terms of imprisonment ... to which the defendant is sentenced for felony convictions arising out of an episode of criminal

conduct shall not exceed the presumptive sentence for a felony which is one (1) class of felony higher than the most serious of the felonies for which the person has been convicted.

Purdy first contends that he was not convicted of a crime of violence.[1] We agree. "Crime of violence" is defined for sentencing purposes in Ind.Code § 35–50–1–2(a), and none of Purdy's crimes are listed in that section. *And see Ballard v. State*, 715 N.E.2d 1276, 1280 (Ind.Ct.App. 1999) (offenses not included in that section are not "crimes of violence" for purposes of the limitation on length of consecutive sentences).

Purdy next contends that his convictions arise out of a single episode of criminal conduct. A single episode of criminal conduct is defined as "offenses or a connected series of offenses that are closely related in time, place, and circumstance." Ind.Code § 35–50–1–2(b). This court recently defined a single episode as "an occurrence or connected series of occurrences and developments which may be viewed as distinctive and apart although part of a larger or more comprehensive series." *Flynn v. State*, 702 N.E.2d 741, 749 (Ind.Ct.App.1998) (quoting *Tedlock v. State*, 656 N.E.2d 273, 276 (Ind.Ct.App. 1995)).

Purdy's actions constitute a single episode, as all of his actions took place during a relatively short period of time and all were related to his assault on Laudig. As a result, his convictions arose out of a single episode as contemplated by Ind. Code § 35–50–1–2(b).

As Purdy's convictions were not of crimes of violence as defined by Ind.Code § 35–50–1–2(a) and were the result of a single episode as defined by Ind.Code § 35–50–1–2(b), the consecutive terms of his sentences should not have exceeded the presumptive sentence for a Class C felony. The presumptive sentence for a Class C

felony is four years. Purdy's total sentence is five years. This reflects consecutive sentences of three years for the Class D felony conviction, and one year each for the two Class A misdemeanor convictions. The three-year sentence Purdy received for the Class D felony conviction does not by itself violate Ind.Code § 35–50–1–2. However, the addition of the two separate misdemeanor sentences of one year each causes Purdy's sentence to be in violation of this code section.

This is a case of first impression. We do not and may not interpret a statute that is facially clear and unambiguous. Rather, we give the statute its plain and clear meaning. *Skrzypczak v. State Farm Mut. Auto. Ins. Co.*, 668 N.E.2d 291, 295 (Ind.Ct.App.1996). If a statute is ambiguous, we seek to ascertain and give effect to the legislature's intent. *Id.* In so doing, we read the act as a whole and strive to give effect to all of the provisions, *id.*, so that no part is held meaningless if it can be reconciled with the rest of the statute. *JKB, Sr. v. Armour Pharm. Co.*, 660 N.E.2d 602, 605 (Ind.Ct.App.1996). Further, we presume that our legislature intended its language to be applied in a logical manner consistent with the statute's underlying policy and goals. *Walling v. Appel Serv. Co.*, 641 N.E.2d 647, 651 (Ind.Ct.App.1994). A statute should not be interpreted in such a manner as to render it absurd. *Indiana Dep't of State Revenue v. Fort Wayne Nat'l Corp.*, 649 N.E.2d 109, 113 (Ind.1995).

The State's argument reveals the ambiguity in this statute. The State argues:

The language of Indiana Code § 35–50–1–2(c) explicitly limits its application to sentences for *felony* convictions. Therefore, misdemeanor convictions are not included in the consecutive sentencing limitations of the statute....

1. The State does not argue on appeal that Purdy committed crimes of violence or that

his crimes did not arise out of a single episode of criminal conduct.

Accordingly, the consecutive sentencing restriction of Indiana Code § 35–50–1–2 does not apply to Defendant's *misdemeanor* sentences for resisting law enforcement and battery convictions.... Because Defendant's misdemeanor convictions are exempted from any limitations on consecutive sentences, the consecutive sentence limitation in Indiana Code § 35–50–1–2 cannot apply to a single felony sentence for intimidation.

(Br. of Appellee at 4, citations omitted, emphasis in original.)

Under this reasoning, had Purdy been convicted of three Class D felonies rather than one Class D felony and two Class A misdemeanors, he could be sentenced to only four years. Thus, Purdy received a longer consecutive sentence for one felony and two misdemeanor convictions than he could have received for three felony convictions.

The legislature could not have intended this result. Ind.Code § 35–50–1–2 imposes a previously nonexistent limitation upon a trial court's discretion to impose consecutive sentences, *Tedlock,* 656 N.E.2d at 275, and is thus ameliorative in nature. *Id.* at 276. An "ameliorative" statute is one that has the effect of *decreasing* the penalty for an offense. *See Holsclaw v. State,* 270 Ind. 256, 261, 384 N.E.2d 1026, 1030 (1979). We must decline the State's invitation to interpret this ameliorative statute so as to increase the length of Purdy's sentence by virtue of his convictions of misdemeanors rather than felonies.

We reverse and remand with instructions to the trial court to resentence Purdy so that his total sentence is limited to four years.

BAILEY, J., and BAKER, J., concur.