Bryant DUNN, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 20A03–0807–CR–362.

Court of Appeals of Indiana.

Feb. 18, 2009.

Peter D. Todd, Elkhart, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Thomas D. Perkins, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

**OPINION**

VAIDIK, Judge.

### Case Summary

Bryant Dunn appeals his consecutive sentences totaling three years with one year suspended for three Class A misdemeanors. Specifically, he contends that Indiana Code § 35–50–1–2 limits his sentence to one and one-half years, the advisory sentence for a Class D felony. Because Indiana Code § 35–50–1–2 only applies when a felony is involved and Dunn was not convicted of any felonies, we affirm his consecutive sentences.

### Facts and Procedural History

In 2008, Dunn was convicted of three Class A misdemeanors—one count of domestic battery and two counts of resisting law enforcement—for battering his girlfriend, fleeing the police officer investigating the battery, and forcibly resisting his arrest. The trial court sentenced him to one year on each count, to be served consecutively, and suspended one year to probation. Dunn now appeals his sentence.

### Discussion and Decision

Dunn contends that his consecutive sentences totaling three years are in excess of the one and one-half year advisory sentence for a Class D felony, and, thus, pursuant to *Purdy v. State*, 727 N.E.2d 1091 (Ind.Ct.App.2000), *trans. denied*, and its progeny, his sentence is erroneous.

Indiana Code § 35–50–1–2(c) provides in pertinent part:

[E]xcept for crimes of violence, the total of the consecutive terms of imprisonment, exclusive of terms of imprisonment under IC 35–50–2–8 and IC 35–50–2–10, *to which the defendant is sentenced for felony convictions* arising out

of an episode of criminal conduct shall not exceed the advisory sentence for a felony which is one (1) class of felony higher than the most serious of the felonies for which the person has been convicted.

(Emphasis added). The advisory sentence for a Class D felony is one and one-half years. Ind.Code § 35–50–2–7. We point out that Dunn was *not* convicted of any felonies. The clear and unambiguous language of Indiana Code § 35–50–1–2(c) requires the defendant to be sentenced for felony convictions in order to fall within its purview, and Dunn was simply not sentenced for any felony convictions. *See Scalpelli v. State*, 827 N.E.2d 1193, 1196 (Ind.Ct.App.2005) ("A statute whose language is clear and unambiguous is not subject to judicial interpretation."), *trans. denied.*

Nevertheless, Dunn cites *Purdy* in support. In that case, Purdy was convicted of a Class D felony and two Class A misdemeanors, and the trial court sentenced him to five years. On appeal, Purdy argued that his sentence could not exceed four years, the presumptive sentence for a Class C felony. We noted that if we interpreted Indiana Code § 35–50–1–2 to not apply to Purdy's misdemeanor sentences, he could receive a longer sentence for one Class D felony and two Class A misdemeanors than he could for three Class D felonies. *Id.* at 1094. We concluded, based on the ameliorative nature of the statute, that the legislature could not have intended such a result. *Id.*

More recently, in *Deshazier v. State,* a case in which the defendant was convicted of a Class C felony, a Class D felony, and two Class A misdemeanors, we reaffirmed our holding in *Purdy* that Indiana Code § 35–50–1–2 "applies to both felony and misdemeanor convictions." 877 N.E.2d 200, 211 (Ind.Ct.App.2007), *trans. denied.*

Here, however, Dunn *only* has misdemeanor convictions. As a result, neither Indiana Code § 35–50–1–2 nor *Purdy* and its progeny act to limit Dunn's sentence. Because Dunn cites no other statutory, constitutional, or common law restrictions on consecutive sentences for misdemeanor offenses, we affirm his sentence.

Affirmed.

RILEY, J., and DARDEN, J., concur.