# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**SUZY ST. JOHN**
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JODI KATHRYN STEIN**
Deputy Attorney General
Indianapolis, Indiana



FILED

Mar 13 2012, 9:31 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

KENNETH AKERS,     )
    )
    Appellant-Defendant,     )
    )
        vs.     )     No. 49A05-1106-CR-313
    )
STATE OF INDIANA,     )
    )
    Appellee-Plaintiff.     )

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Christina Klineman, Commissioner
Cause No. 49G05-1103-FC-018806

**March 13, 2012**

**OPINION - FOR PUBLICATION**

**ROBB, Chief Judge**

## Case Summary and Issues

Following a jury trial, Kenneth Akers was convicted of battery, resisting law enforcement, and possession of paraphernalia, all Class A misdemeanors. He was sentenced to one year in prison for each conviction, with the sentences for battery and resisting law enforcement to be served concurrently to each other and consecutive to his possession of paraphernalia sentence. Akers raises one issue for our review: whether Indiana Code section 35-50-1-2 violates the Equal Protection Clause of the United States Constitution or Article 1, Section 23 of the Indiana Constitution because the statute limits the imposition of consecutive sentences when someone is convicted of at least one felony, but no such statute exists limiting the imposition of consecutive sentences for those convicted of only misdemeanors. The State raises two issues for our review: whether Akers has waived the challenge he now brings, and whether Akers' three convictions were part of an episode of criminal conduct as Indiana Code section 35-50-1-2 requires. Concluding Akers' convictions did not arise out of an episode of criminal conduct and he therefore lacks standing to challenge the constitutionality of Indiana Code section 35-50-1-2, we affirm Akers' convictions.

## Facts and Procedural History

In March 2011, Akers, along with Desean Arnold and an unidentified man, walked by an older gentleman, Larry Johnson, who was walking along the side of a street. Johnson had just returned from cashing a check and was showing a friend the money he received. Akers and Arnold returned a few minutes later, grabbed Johnson, and threw him into a three-foot

2

ditch along the road. Indianapolis Metropolitan Police Officer Robert McCauley was watching from across the street in his police vehicle. Officer McCauley immediately activated his emergency lights and siren and drove across the street. Akers and Arnold ran into a nearby apartment and Officer McCauley chased them on foot. Officer McCauley found Arnold near the front door and discovered Akers down the hallway and around a corner. Afterwards, Johnson realized his money was gone and he suffered shoulder and neck pain from the incident. When Akers was searched, a small bag of marijuana was found at his feet and rolling papers were found in his wallet.

The State charged Akers with attempted robbery, a Class C felony; battery, resisting law enforcement, possession of paraphernalia, and possession of marijuana, all Class A misdemeanors; and possession of marijuana, a Class D felony. The State added an habitual offender charge, but it subsequently dismissed the habitual offender allegation and possession of marijuana charges. The jury found Akers not guilty of attempted robbery and guilty of battery, resisting law enforcement, and possession of paraphernalia. The trial court sentenced Akers to one year in prison for each conviction, but ordered the battery and resisting law enforcement convictions to be served concurrent with each other and consecutive to the sentence for possession of paraphernalia, resulting in an aggregate sentence of two years. Akers now appeals.

Discussion and Decision[1]

I.  Standard of Review

Our standard of review is well-settled when statutes are challenged as violating the Indiana Constitution.  "A statute is presumed constitutional until the party challenging its constitutionality clearly overcomes the presumption by a contrary showing." Sims v. United States Fidelity & Guar. Co., 782 N.E.2d 345, 349 (Ind. 2003).  "The party challenging the constitutionality of the statute bears the burden of proof, and all doubts are resolved against that party." Boehm v. Town of St. John, 675 N.E.2d 318, 321 (Ind. 1996).  Preliminarily, a party must have standing.  Gross v. State, 506 N.E.2d 17, 21 (Ind. 1987).  To have standing to challenge the constitutionality of a statute, an appellant must establish that his rights were adversely affected by the statute.  Id.

II.  Waiver

The State argues Akers' constitutional challenge is waived because prior to his appeal he never raised an argument that the sentencing limitation in Indiana Code section 35-50-1-2(c) for non-violent episodes of criminal conduct should apply to him.  However, "the constitutionality of a statute may be raised at any stage of the proceeding," and may even be raised sua sponte by this court.  Morse v. State, 593 N.E.2d 194, 197 (Ind. 1992).  Thus, Akers' constitutional challenge is not waived.

III.  Standing

---

[1] We heard Oral Argument in Indianapolis, Indiana, on February 16, 2012, and we thank counsel for their capable advocacy.

4

After providing courts with the discretion to determine whether terms of imprisonment shall be served concurrently or consecutively, Indiana Code section 35-50-1-2 provides:

> However, except for crimes of violence, the total of the consecutive terms of imprisonment . . . to which the defendant is sentenced for felony convictions arising out of an episode of criminal conduct shall not exceed the advisory sentence for a felony which is one (1) class of felony higher than the most serious of the felonies for which the person has been convicted.

The section also defines which crimes constitute a "crime of violence" and defines "episode of criminal conduct" as "offenses or a connected series of offenses that are closely related in time, place, and circumstance." Ind. Code § 35-50-1-2(a), (b). None of Akers' convictions are crimes of violence.

The application of Indiana Code section 35-50-1-2 has been clarified by this court and our supreme court. In Purdy v. State, 727 N.E.2d 1091, 1094 (Ind. Ct. App. 2000), trans. denied, where Purdy was convicted of one Class D felony and two Class A misdemeanors, we stated the statute is ambiguous in that while it does require the defendant be sentenced for felony convictions, it does not express whether the defendant could also have been sentenced for misdemeanor convictions. We concluded the statute does apply in cases where a defendant is sentenced for both felony and misdemeanor convictions. Id. In Dunn v. State, 900 N.E.2d 1291, 1291 (Ind. Ct. App. 2009), Dunn was not convicted of any felonies, but rather, of three Class A misdemeanors. We concluded Indiana Code section 35-50-1-2 does not apply in such circumstances because it unambiguously requires that a defendant be sentenced for felony convictions in order for his or her sentence to fall within the section's purview. Id. at 1292.

We have also clarified the requirement under the statute that the offenses result from one "episode of criminal conduct," although not without some inconsistency. A split has developed on this court in regard to when crimes of possession are part of an episode of criminal conduct. In <u>Ratliff v. State</u>, 741 N.E.2d 424, 428 (Ind. Ct. App. 2000), <u>trans. denied</u>, Ratliff attempted to evade police after they tried to pull him over for driving erratically. After driving into a cornfield, officers discovered Ratliff lying in the field with a bag full of marijuana. Ratliff was convicted of OWI, possession of marijuana, and resisting law enforcement, and this court concluded the OWI and resisting law enforcement were part of an episode of criminal conduct, but the possession conviction was a separate and distinct act which did not "bear a direct relation to the others." <u>Id.</u> at 434. Thus, we held the trial court was not limited by Indiana Code section 35-50-1-2 in sentencing Ratliff. <u>Id.</u>

In <u>Johnican v. State</u>, 804 N.E.2d 211 (Ind. Ct. App. 2004), the court disagreed with the majority but agreed with Judge Mathias's dissent in that case, holding that when "a defendant possesses contraband on his person as he simultaneously commits other criminal offenses, the offenses should be deemed part of a single episode of criminal conduct." <u>Id.</u> at 218. In that case, two officers observed Johnican walking across a street and ordered him to stop because they knew there was an outstanding warrant for Johnican's arrest. Johnican disobeyed the order and kept moving, and soon thereafter pulled out a gun and attempted to shoot the officers. After several gunshots were fired by Johnican and the officers, Johnican was taken to the hospital after an officer shot him in the chest. While at the hospital, cocaine was discovered in Johnican's clothing. "When detectives questioned Johnican about the

6

incident with Officers Hoehn and Day, he told them that the reason he ran from the police was because he had some cocaine in his possession and did not want to go back to jail." Id. at 213. He was convicted of possession of cocaine, pointing a loaded firearm at another person, and resisting law enforcement, and he was determined to be an habitual offender. Id. This court concluded the consecutive sentencing limitation in Indiana Code section 35-50-1-2 applied to Johnican, but because his consecutive sentence was already less than the maximum consecutive sentence permitted by that statute, we concluded the trial court did not violate the statute.

In Cole v. State, 850 N.E.2d 417, 423 (Ind. Ct. App. 2006), we also held that possessing an illegal substance while resisting law enforcement was part of an episode of criminal conduct. In that case, police officers spotted Cole and attempted to conduct a traffic stop because he had an outstanding warrant for his arrest for being an habitual traffic offender. Id. at 418. However, Cole fled in his vehicle and led the police on a half-hour chase. Id. Once Cole was apprehended, police discovered a tank containing anhydrous ammonia in Cole's vehicle which Cole planned to use in the manufacture of methamphetamine. Id. Cole pleaded guilty to resisting law enforcement, possession of chemical reagents or precursors with intent to manufacture methamphetamine, and being an habitual offender. Id. This court concluded Cole's convictions arose from an episode of criminal conduct, and, thus, that his consecutive sentence required reduction because it exceeded the maximum consecutive sentence permitted by Indiana Code section 35-50-1-2.

In our most recent case, <u>Deshazier v. State</u>, 877 N.E.2d 200, 204 (Ind. Ct. App. 2007), <u>trans. denied</u>, Deshazier was convicted of carrying a handgun with a prior felony, a Class C felony; two counts of resisting law enforcement, one a Class D felony and one a Class A misdemeanor; and possession of marijuana, a Class A misdemeanor. The facts of the case are similar to those before us today: during a traffic stop police officers discovered Deshazier had a gun, Deshazier ran from the police, and police found marijuana in Deshazier's jacket that he left at the scene when he fled. <u>Id.</u> at 203. After noting this court's split of authority and our supreme court's emphasis on the timing of the offenses,[2] we reasoned that "no evidence exists as to when Deshazier came into possession of the handgun or marijuana. Possession is inherently a 'continuing offense,' which occurs from the time the defendant comes into possession of the contraband until the time he relinquishes control." <u>Id.</u> at 212. We thus held the possession convictions were not part of an episode of criminal conduct with Deshazier's convictions for resisting law enforcement. <u>Id.</u>

Here, Akers' possession of paraphernalia conviction is related to his other convictions only in the sense that his possession was discovered by police officers immediately after or during his other criminal acts. However, as in <u>Deshazier</u>, it is unclear from the evidence

---

[2] <u>See</u> <u>Reed v. State</u>, 856 N.E.2d 1189, 1200-01 (Ind. 2006) ("The record . . . shows that the time lapse between the first and last shots fired was approximately five seconds. It was on the basis of these gunshots that Reed was charged with two counts of attempted murder. And although not precisely 'simultaneous' or 'contemporaneous,' the two offenses were nonetheless 'closely connected in time, place, and circumstance.'") (citations omitted); <u>see also</u> <u>Harris v. State</u>, 861 N.E.2d 1182, 1188-89 (Ind. 2007) (Reviewing a prior Indiana Court of Appeals case, <u>Harris v. State</u>, 749 N.E.2d 57 (Ind. Ct. App. 2001), <u>trans. denied</u>, for ineffective assistance of counsel, the court stated "[t]he crimes were committed in the same bed only a few minutes apart. Two acts of sexual misconduct which occurred five minutes apart in the same bed and based on the same reason – the girls' need for a place to stay for the night – are 'a connected series of offenses that are closely connected in time, place, and circumstance.'").

when Akers came into possession of the paraphernalia, making the timing of the offenses more distinguishable than at first glance. Further, unlike in Johnican, where the criminal actions of resisting law enforcement and pointing a firearm at another person resulted largely due to Johnican's possession of cocaine, here there is no evidence to suggest that Akers' battery of the victim or resisting arrest were fueled by his possession of paraphernalia. Thus, even putting chronological relation aside, Akers' conviction for possession of paraphernalia was not related in circumstance to his other convictions. There is no nexus between the acts of battery and the subsequent resisting arrest, and Akers' possession of paraphernalia. This is not to say that possession convictions cannot be part of an episode of criminal conduct with other convictions, but in the circumstances of this case, Akers' convictions are not part of an episode of criminal conduct for the purposes of Indiana Code section 35-50-1-2.

Thus, the sentencing limitation would not apply to Akers even if it applied to defendants convicted of only misdemeanors because his convictions did not arise out of an episode of criminal conduct. The result of this conclusion is that Akers lacks standing to challenge the statute. Although the total of his consecutive terms of imprisonment is two years, which is longer than the advisory sentence for one class of felony higher than the highest misdemeanor Akers committed, his consecutive convictions are not from an episode of criminal conduct and the statute would therefore not apply, even if his argument was otherwise well-taken. Thus, we need not reach his constitutional challenge because he lacks standing.

<u>Conclusion</u>

Akers' convictions were not part of a single episode of criminal conduct.  Thus, Akers does not have standing to challenge Indiana Code section 35-50-1-2 because the statute would not apply to him even if it applied generally to defendants convicted of only misdemeanors.  We therefore affirm Akers' convictions.

Affirmed

KIRSCH, J., and BRADFORD, J., concur.