Pursuant to Ind.Appellate Rule 65(D),
this Memorandum Decision shall not be
regarded as precedent or cited before
any court except for the purpose of
establishing the defense of res judicata,
collateral estoppel, or the law of the case.



FILED

Oct 18 2012, 8:36 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**KIMMERLY A. KLEE**
Greenwood, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**IAN McLEAN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

BLAKE CLAYTON,                              )
                                           )
    Appellant-Defendant,               )
                                           )
       vs.                         )   No. 49A05-1203-CR-129
                                           )
STATE OF INDIANA,                          )
                                           )
    Appellee-Plaintiff.                )

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable John Chavis, Judge Pro Tempore
Cause No. 49F24-1103-FD-017362

**October 18, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Judge**

**Case Summary**

Blake Clayton appeals his conviction for Class D felony pointing a firearm. Clayton contends there is insufficient evidence to support his conviction and that the statute governing pointing a firearm is unconstitutional as applied to him. Because the State sufficiently proved Class D felony pointing a firearm and Clayton has no standing to argue that the statute governing pointing a firearm is unconstitutional, we affirm his conviction.

**Facts and Procedural History**

On March 13, 2011, Susan Asher and her daughter, Nicole, went to Clayton's home to retrieve dishes lent to him for a birthday party for Susan's other daughter and Clayton's on-again, off-again girlfriend, Tessa. Clayton let Susan and Nicole into his house, and the three of them loaded the dishes into the Ashers' car. Clayton said "he had been stupid the night before," Tr. p. 14, and that "I really messed up this time." *Id.* at 44.

When they returned to the house, Nicole told Clayton, "stay away from my family and stay away from my sister." *Id.* at 45. Nicole and Clayton began to argue, and Clayton "chest bumped" Nicole. *Id.* at 46. Clayton then pulled a gun out of his basketball shorts and held it to Nicole's forehead. Nicole yelled at Clayton, and Susan begged Clayton not to kill Nicole. Susan later recalled Clayton saying, "I'll shoot you, bitch," and that "he'd kill [Nicole], and he'd shoot her." *Id.* at 17. Clayton lowered the gun and walked toward Susan. Nicole then threw a can of air freshener at Clayton, and Nicole and Susan tried to shield each other from Clayton and the gun.

2

At some point, Clayton began to walk toward Nicole again, and Susan realized that he had put the gun down. Susan picked up the gun and put it in her coat pocket. She told Nicole that she had the gun and the women left the house and walked to Susan's car. Clayton followed them, yelling things like "we weren't going to have [Tessa] we weren't ever going to see her again. If he couldn't have her nobody was going to have her." *Id.* at 50. Susan and Nicole drove away, and Susan called 911.

Indianapolis Metropolitan Police Department Officer David Janicijevic responded to the call. He handcuffed Susan since he was the only responding officer and retrieved the loaded gun that she had taken from Clayton's house. Officer Janicijevic's partner, Officer Lona Douglas, arrived soon after him, and Susan was taken out of the handcuffs. After taking statements from Susan and Nicole, Officers Douglas and Janicijevic left to go to Clayton's house to get a statement from him. On their way to Clayton's house, the officers were radioed that Clayton had arrived at the Ashers' house. An off-duty police officer who lived nearby held Clayton until Officers Douglas and Janicijevic returned and arrested Clayton.

The State charged Clayton with Class D felony pointing a firearm, and a bench trial was held. At trial, Clayton testified that he had not touched his gun while Susan and Nicole were at his house and that Susan admitted to him that she stole his gun from his nightstand. However, the trial court found Clayton guilty and sentenced him to 730 days in the Department of Correction, with 545 days executed, to run consecutive to the sentence he was currently serving for a Morgan County conviction.

Clayton now appeals.

## Discussion and Decision

Clayton makes two arguments on appeal: (1) whether the evidence is sufficient to support his conviction for Class D felony pointing a firearm, and (2) whether the statute governing pointing a firearm is unconstitutional as applied to him.

### I. Sufficiency of the Evidence

Our standard of review with regard to sufficiency claims is well settled. In reviewing a sufficiency of the evidence claim, this Court does not reweigh the evidence or judge the credibility of the witnesses. *Bond v. State*, 925 N.E.2d 773, 781 (Ind. Ct. App. 2010), *reh'g denied*, *trans. denied*. We consider only the evidence most favorable to the judgment and the reasonable inferences draw therefrom and affirm if the evidence and those inferences constitute substantial evidence of probative value to support the judgment. *Id.* Reversal is appropriate only when a reasonable trier of fact would not be able to form inferences as to each material element of the offense. *Id.*

Class D felony pointing a firearm is governed by Indiana Code section 35-47-4-3, which provides in relevant part:

> (b) A person who knowingly or intentionally points a firearm at another person commits a Class D felony. However, the offense is a Class A misdemeanor if the firearm was not loaded.

The evidence adduced at trial shows that Clayton pulled out a gun and pointed it at Nicole's head after the two of them got into an argument about Clayton's relationship with Nicole's sister. This is sufficient evidence to support Clayton's conviction.

Clayton, however, contends that he was justified in using reasonable force against Nicole under Indiana Code section 35-41-3-2 to protect himself from the "imminent use

of unlawful force." Since self defense is an affirmative defense to Class D felony pointing a firearm, Clayton argues that the State has failed to provide sufficient evidence of his guilt. We disagree.

Clayton did not raise the affirmative defense of self defense at trial, and "[a]ffirmative defenses cannot be raised for the first time on appeal." *Lafary v. Lafary*, 476 N.E.2d 155, 159 (Ind. Ct. App. 1985). Further, Clayton himself acknowledges in his brief that he "could not avail himself of the [self-defense] exclusion, as such an affirmative defense ran contrary to Clayton's testimony at trial . . . ." Appellant's Br. p. 11. By not testifying to self defense at trial and therefore not raising the affirmative defense, Clayton has waived this issue for our review.

Even if Clayton had raised self defense at trial, his argument would still fail. In order to prevail on a claim of self defense, the defendant must show that he had both a "subjective belief that force was necessary to prevent serious bodily injury, and that such belief actual belief was one that a reasonable person would have under the circumstances." *Littler v. State*, 871 N.E.2d 276, 279 (Ind. 2007). At trial, Clayton presented no evidence of his subjective belief that force was necessary because he testified that he never had the gun when Nicole and Susan were at his house. The evidence that was adduced at trial also shows that Nicole and Clayton argued before Clayton pointed the gun at her. A verbal altercation is not enough for a reasonable person to believe that pointing a gun was necessary to prevent serious bodily injury. Nicole did throw a can of air freshener at Clayton, but that was after he had already pointed the gun at her and told Susan that he would kill Nicole. Therefore, Clayton failed

to show either a subjective or objective belief that self defense was reasonable in this case. The evidence is sufficient to support his conviction for Class D felony pointing a firearm.

## II. Constitutional Challenge

Clayton also contends that Indiana Code section 35-47-4-3 is unconstitutional as applied to him. The State argues that this argument is waived because Clayton failed to file a motion to dismiss the charge against him based on the constitutionality of the statute at the trial court level. However, "'the constitutionality of a statute may be raised at any stage of the proceeding,' and may even be raised *sua sponte* by this court." *Akers v. State*, 963 N.E.2d 615, 617 (Ind. Ct. App. 2012) (citing *Morse v. State*, 593 N.E.2d 194, 197 (Ind. 1992)), *trans. denied.* We therefore find that Clayton has not waived this argument.

However, we first must determine whether Clayton has standing to bring this constitutional claim; "the party challenging the law must show adequate injury or the immediate danger of sustaining some injury." *Pence v. State*, 652 N.E.2d 486, 488 (Ind. 1995). In this case, Clayton contends that the statute materially burdens his right to bear arms to protect himself within his own home. Appellant's Br. p. 12. We disagree.

Indiana Code section 35-47-4-3 provides that self defense is an affirmative defense to pointing a firearm, and Clayton would have had this defense available to him if he had pointed his weapon in self defense. Self defense was not available in this case due to both Clayton's testimony at trial that he did not touch the gun while Nicole and Susan were at his house and Clayton's failure to raise the defense at trial. Clayton's

6

ability to bear arms to protect himself within his own home therefore has not been materially burdened by this statute, and he is in no danger of sustaining any injury. As a result, we find that Clayton lacked standing to bring this constitutional challenge.

Affirmed.

MATHIAS, J., and BARNES, J., concur.