**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Sep 17 2013, 8:18 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**THOMAS D. SARVER**
Goebel Law Office
Crawfordsville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ERIC P. BABBS**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JENNIFER ROSE PEVERLY, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 54A01-1303-CR-145 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MONTGOMERY SUPERIOR COURT
The Honorable Peggy Q. Lohorn, Judge
Cause No. 54D02-1212-CM-4615

**September 17, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

In this appeal, appellant-defendant Jennifer Rose Peverly, a licensed clinical social worker with more than twenty years of experience, flagrantly disregarded a protective order that required her to cease all contact with the teenaged client with whom she had developed a sexual relationship. Peverly pleaded guilty to three counts of class A misdemeanor Invasion of Privacy,[1] and the trial court sentenced her to consecutive one-year terms on each count to run consecutively to a sentence imposed in an earlier case. Peverly argues that the trial court erred in ordering the three sentences to run consecutively to each other and to the sentence in the earlier case. She also argues that her aggregate sentence of three years is inappropriate in light of the nature of the offenses and her character.

Concluding that the trial court did not err in ordering consecutive sentences and that the aggregate sentence of three years imposed on the instant offenses is not inappropriate in light of the nature of the offenses and Peverly's character, we affirm the judgment of the trial court.

FACTS

In the summer of 2010, forty-one-year-old Peverly was a licensed clinical social worker at Cummins Behavioral Health Systems in Crawfordsville. In July 2010, J.P.S.'s parents took him to see Peverly for depression and anger management treatment. In early 2012, sixteen-year-old J.P.S. told Peverly that he had feelings for her. Peverly and J.P.S. subsequently entered into a relationship. J.P.S.'s parents apparently became aware of the

---

[1] Ind. Code § 35-46-1-15.1.

relationship, and on March 26, 2012, the trial court issued a protective order pursuant to Indiana Code section 34-16-5, which required Peverly to cease all contact with J.P.S. Peverly was subsequently charged with contributing to the delinquency of a minor and false informing, both class A misdemeanors, under Cause Number 54D02-1204-CM-1173, (Cause Number 1173), and released on bond in June 2012. On November 29, 2012, after Peverly pleaded guilty to both offenses, the trial court sentenced her to two years in the Montgomery County Jail, with one year suspended and 180 days of home detention as a term of probation.

During the November 2012 sentencing hearing, several additional facts were brought to light. Despite the March 26, 2012, protective order, Peverly and J.P.S. exchanged approximately 5600 Facebook messages using alias accounts between April 3, 2012 and September 27, 2012. Specifically, J.P.S. had a Facebook account under the name Ichwill Morgan. Peverly blocked Ichwill Morgan from the Facebook account under her name to feign compliance with the protective order. However, she continued to contact J.P.S. with a Facebook account under the name of Lavender White. On multiple occasions, Peverly warned J.P.S. that they needed to be careful because she was committing a crime when she had contact with him in violation of the protective order.

At some point, Peverly drove J.P.S. to Turkey Run State Park where J.P.S. and Peverly engaged in sexual intercourse. Peverly bought J.P.S. a cell phone, and they would often call, text, and send each other sexually explicit messages. Peverly instructed J.P.S. to delete all of her emails so no one knew that she was contacting him. In July

2012, Peverly sent J.P.S. a message that she wanted to engage in oral and anal intercourse with him.  In August 2012, Peverly sent J.P.S. the following Facebook message:  "I thought I had read . . . in a report somewhere . . . that you are court ordered to not have contact with me as well[.]  [D]on't worry, wors[t] case scenario is that u would be put on supervised probation, but I don't think we will get caught."  Id.  In September 2012, Peverly sent J.P.S. a message that she might have to punish him for "being and getting so dirty."  Appellant's App. p. 7.

Based upon this conduct that violated the protective order, in December 2012, the State charged Peverly with six counts of invasion of privacy and one count of contributing to the delinquency of a minor, all class A misdemeanors.  In February 2013, Peverly pleaded guilty to three counts of invasion of privacy, and the State dismissed the remaining counts.  The trial court sentenced her to one year for each count and ordered them to to run consecutively to each other and consecutively to the sentence imposed in Cause Number 1173.  Specifically, the trial court explained the sentence as follows:

> In addition to the previous sentence that the Court imposed, the Court's giving you three, one year sentences consecutive to each other.  With good time credit, that is an actual year and a half in addition to the sentence the Court already sentenced you to. . . .  So once you are released from incarceration, you will be on probation under [Cause Number 1173] for a period of a year and that also involves as I recall some community corrections.

Tr. p. 49-50.

Peverly filed a motion to correct errors and modify sentence, which the trial court denied.  Peverly now appeals.

4

## DISCUSSION AND DECISION

### I. Consecutive Sentences

Peverly first argues that the trial court abused its discretion in ordering her three one-year sentences for the three counts of class A misdemeanors to run consecutively to each other. However, this Court has previously explained that abuse of discretion review of a sentence, which concerns a trial court's duty to issue a sentencing statement along with its findings of aggravators and mitigators, has no place in reviewing a misdemeanor sentence. Morris v. State, 985 N.E.2d 364, 366 (Ind. Ct. App. 2013). The abuse of discretion argument is therefore not available to Peverly.

Peverly also argues that she should not have received consecutive sentences because her crimes were part of a single episode of criminal conduct. Indiana Code section 35-50-1-2(c) provides:

> [E]xcept for crimes of violence, the total of the consecutive terms of imprisonment . . . to which the defendant is sentenced for felony convictions arising out of an episode of criminal conduct shall not exceed the advisory sentence for a felony which is one (1) class higher than the most serious of the felonies for which the defendant has been convicted.

However, Peverly was not convicted of any felonies. The clear and unambiguous language of the statute requires the defendant to be sentenced for felony convictions in order to fall within its purview. The statute does not act to limit Peverly's sentence. See Dunn v. State, 900 N.E.2d 1291, 1291 (Ind. Ct. App. 2009) (explaining that Indiana Code section

5

35-50-1-2 did not act to limit Dunn's sentence where he had only misdemeanor convictions).

Peverly further appears to argue that the trial court did not have the authority to order the aggregate three-year sentence in this case to run consecutively to the sentence in Cause Number 1173. In support of her argument, Peverly directs us to Lamirand v. State, 640 N.E.2d 79 (Ind. Ct. App. 1994). Peverly's reliance on Lamirand is misplaced because it was decided under a prior version of Indiana Code section 35-50-1-2, which limited the imposition of consecutive sentences to those occasions when a court was contemporaneously imposing two or more sentences. Under the current version of the statute, a trial court may order terms of imprisonment to be served consecutively even if the sentences are not imposed at the same time. Ind. Code § 35-50-1-2(c). The trial court had the authority to order consecutive sentences in this case.

Lastly, Peverly contends that the sentence in this case impermissibly modifies the sentence in Cause Number 1173. Specifically, Peverly points out that she was scheduled to be released from jail in Cause Number 1173 in March 2013 and placed on home detention, and that the three-year sentence in this case has delayed her release. However, where a later imposed sentence is ordered to run consecutively to an earlier imposed sentence, the defendant will be required to serve both sentences before being released from incarceration. This is not an impermissible modification of a prior sentence. Rather, it is a natural consequence of committing an additional offense, or, as in this case, additional offenses. Accordingly, we find no error.

6

## II. Appropriateness of Peverly's Sentence

Peverly also argues that her sentence is inappropriate. Pursuant to Indiana Appellate Rule 7(B), we may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender. Reid v. State, 876 N.E.2d 1114, 1116 (Ind. 2007). The defendant has the burden of persuading us that his or her sentence is inappropriate. Id.

As noted above, the trial court sentenced Peverly to an aggregate term of three years for the three misdemeanor offenses. One year is the maximum sentence for a class A misdemeanor. Ind. Code § 35-50-3-2. Upon conviction of more than one misdemeanor offense, the trial court may order the defendant to serve the sentences consecutively. Carroll v. State, 922 N.E.2d 755, 758 (Ind. Ct. App. 2010).

With regard to the nature of the offenses, Peverly, a 42-year-old licensed clinical social worker abused her professional relationship with her sixteen-year-old client as well as flagrantly violated a protective order when she engaged in a sexual relationship with the young man. Specifically, although the trial court ordered Peverly to cease all contact with J.P.S., she drove J.P.S. to a state park where they engaged in sexual intercourse, sent him sexually explicit messages, and encouraged him to help her violate the protective order.

With regard to the character of the offender, Peverly violated a position of trust with her adolescent client as well as a protective order when she engaged in a sexual

7

relationship with the young man, reminded him she was committing a crime when she contacted him, asked him to cover for her crimes by deleting her sexually explicit messages, and encouraged him to be dishonest with his parents, who had taken J.P.S. to see Peverly because they were concerned about his depression and anger management issues.

Based on the foregoing, we cannot say that Peverly's three-year aggregate sentence is inappropriate in light of the nature of the offenses and her character. We therefore decline to reduce Peverly's sentence.

The judgment of the trial court is affirmed.

FRIEDLANDER, J., and VAIDIK, J., concur.