## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 28 2016, 8:21 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

William Byer, Jr.
Byer & Byer
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Paula J. Beller
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Lonnie A. Bland,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

July 28, 2016

Court of Appeals Case No.
48A04-1512-CR-2247

Appeal from the Madison Circuit Court

The Honorable Angela Warner Sims, Judge

Trial Court Cause No.
48C01-1409-F6-1716
48C01-1507-F6-1154

**Vaidik, Chief Judge.**

# Case Summary

[1]     Lonnie A. Bland contends that his aggregate sentence of 910 days for battering and strangling his girlfriend, with whom he was ordered to have no contact, is inappropriate.  Because Bland has failed to persuade us that his sentence is inappropriate, we affirm.

# Facts and Procedural History

[2]     This is a consolidated appeal involving two lower-court cause numbers from Madison County.  In the first case, Cause No. 48C01-1409-F6-1716 (Cause No. 1716), the State charged Bland with Level 6 felony escape for violating the terms of his home detention in an earlier case.  In the second case, Cause No. 48C01-1507-F6-1154 (Cause No. 1154), the State charged Bland with Level 6 felony strangulation and Class A misdemeanor domestic battery for choking his girlfriend and biting her thumb.  Because there was a no-contact order in effect that prohibited Bland from having any contact with his girlfriend, the State also charged Bland with Class A misdemeanor invasion of privacy.  *See* Appellant's App. p. 179-80; Tr. p. 25.

[3]     Bland pled guilty to the charges in each cause number,[1] and the trial court held a combined sentencing hearing.  Tr. p. 30.  In Cause No. 1716, the trial court

---

[1] The State also filed habitual-offender charges in both cause numbers, but in exchange for Bland pleading guilty, the State dismissed these charges.

sentenced Bland to 545 days. In Cause No. 1154, the trial court sentenced Bland to concurrent terms of 910 days for strangulation, 365 days for domestic battery, and 365 days for invasion of privacy. The court ordered the sentence in Cause No. 1154 to be served consecutive to the sentence in Cause No. 1716. In support of the sentences, the trial court found two aggravators: (1) Bland's criminal history and (2) he committed the offenses in Cause No. 1154 while he was on bond in Cause No. 1716. The court also found two mitigators: (1) Bland pled guilty and took responsibility and (2) the facts and circumstances of Cause No. 1716, in that Bland tried to turn himself in for violating the terms of his home detention (but could not do so because the arrest warrant had not been issued). *See id.* at 54-56 (noting that the aggravators and mitigators were the same in each cause number).

[4] Despite filing appeals in both cases and then having them consolidated, Bland challenges his sentence in Cause No. 1154 only. *See* Appellant's Br. p. 8 ("Bland does not appeal the trial court's sentence of 545 days in the Lower Court Cause Number 48C01-1409-F6-001716.").

# Discussion and Decision

[5] Bland contends that his aggregate sentence of 910 days in Cause No. 1154 is inappropriate. He asks us to "consider a reduction of the 910 day sentence or placement in community corrections." *Id.* at 7.

[6] Indiana Appellate Rule 7(B) provides that an appellate court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." *King v. State*, 894 N.E.2d 265, 267 (Ind. Ct. App. 2008). Because we generally defer to the judgment of trial courts in sentencing matters, *Norris v. State*, 27 N.E.3d 333, 335-36 (Ind. Ct. App. 2015), defendants have the burden of persuading us that their sentences are inappropriate, *Thompson v. State*, 5 N.E.3d 383, 391 (Ind. Ct. App. 2014). Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad of other factors that come to light in a given case. *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008).

[7] Here, Bland faced a four-year sentence for Level 6 felony strangulation, Class A misdemeanor domestic battery, and Class A misdemeanor invasion of privacy. *See* Ind. Code § 35-50-1-2(c)-(d) (except for "crimes of violence"—which does not include strangulation—the total of the consecutive terms of imprisonment to which a defendant is sentenced for felony convictions arising out of an episode of criminal conduct may not exceed four years if the most serious crime for which the defendant is sentenced is a Level 6 felony); *Purdy v. State*, 727 N.E.2d 1091, 1094 (Ind. Ct. App. 2000) (holding that the consecutive-sentencing limitation in Section 35-50-1-2 applies to misdemeanors), *trans. denied.* The trial court sentenced Bland to 910 days, roughly two and one-half years.

[8]     Bland does not allege that there is anything about the nature of his offenses that warrants a reduction in his sentence.[2]  Rather, he focuses on his character.  But there is nothing about Bland's character that warrants a revision to his sentence.  Bland has an extensive criminal history, which includes a sixteen-year prison sentence for a drug conviction and several battery convictions, one of which involved his girlfriend.  *See* Appellant's App. p. 181.  Bland also has a prior invasion-of-privacy conviction involving his girlfriend.  *Id.* at 182.  In addition, Bland committed the offenses in Cause No. 1154 when he was on bond in Cause No. 1716.  Nevertheless, Bland argues that the trial court's acknowledgement that it was probably difficult for him to end the toxic relationship with his girlfriend proves that "the ultimate sentence imposed was inappropriate."  Appellant's Br. p. 11.  However, the trial court found nothing mitigating about their relationship and instead indicated its frustration with Bland because of the numerous chances that it had already given him:

> [Y]ou continue to demonstrate to this Court that you want to engage in the same behavior that you have repeatedly been engaging in for a period of time, particularly with this toxic relationship that you've been in. . . .  The two (2) of you probably don't belong together, but you and I've had this conversation before.  And I think that this Court's made it very clear to you that the only chance for success for you is to get out of that relationship.  And I'm sure that's a lot more complicated than what we make it sound today.  I don't disagree with that, but those opportunities have been there.  The Court has ordered you

---

[2] Bland does argue that he tried to turn himself in, but that fact relates to the nature of the offense in Cause No. 1716.

to stay away from her.  I don't know what else the Court can do other than order you to stay from her.

Tr. p. 53-54.

[9] After due consideration of the trial court's decision, we cannot say that Bland has persuaded us that his aggregate sentence of 910 days in Cause No. 1154 is inappropriate.

[10] Affirmed.

Barnes, J., and Mathias, J., concur.